# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| RAMON MARTINEZ-FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 56). The Court is unsure of the government's position. According to the Addendum to the PSR, the government objected to the drug quantity as set forth in ¶ 33, yet the government then adopted the PSR (Filing No. 47). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement included an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) that the quantity of methamphetamine attributable to the Defendant is more than 500 grams but less than 1.5 kilograms. The PSR states that the Defendant is responsible for 1.78 kilograms of methamphetamine. The Defendant objects to the drug quantity in ¶ 33 and also argues that the Defendant should receive the benefit of the safety valve. The government's position is not known.

The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level should be calculated as level 32, the adjusted offense level is 32, and the total offense level is 29. With placement in criminal history category I, and with the statutory mandatory minimum

sentence, the sentencing guideline range is 120 months.  However, if the Defendant succeeds in obtaining the protection of the safety valve his guideline range would become 87-108 months.  The fine range remains the same.

The Court will hear the issue of the application of the safety valve at sentencing. The Defendant bears the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1.      The Court's Tentative Findings are that the Defendant's objection (Filing No. 56) to ¶ of the PSR is granted;

2.      The issue of the applicability of the safety valve will be heard at sentencing;

3.      The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4.      If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

2

DATED this 14th day of June, 2005.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge